IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN DIXON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  Civ. No. 05-756-SLR |
| | ) |
| COMMISSIONER STANLEY TAYLOR, | ) |
| et al., | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiff Kevin Dixon brings this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and on November 14, 2005, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 3) The court now proceeds to review and screen the complaint pursuant to 42 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**I.   THE COMPLAINT**

Plaintiff names as defendants Commissioner Stanley Taylor ("Commissioner Taylor"), Warden Thomas Carroll ("Warden Carroll"), Captain Janet Henry ("Henry"), and J. Jackson ("Jackson"). He alleges that during the early part of June 2005 he was "supposed to have been involved" in some type of altercation with another inmate and was subsequently transferred to Building 21 as ordered by Henry. (D.I. 2, para. 1) Plaintiff alleges he has not been cited for a rule infraction, yet he has

been locked in his room and only allowed three hours of exercise per week[1]. Plaintiff alleges that he has a history of mental illness and the unit is not individualized to his problems. He alleges that he wrote to the disciplinary officer and requested a hearing and representation, but received no response. He further alleges that he wrote to each defendant, and they each "ignored answering". (D.I. 2)

The complaint states that Jackson advised plaintiff his placement in the unit was a result of the June 2005 altercation. Plaintiff alleges he received nothing in writing conveying any type of altercation, nor was he provided with a hearing.

Plaintiff alleges that while housed in the unit, he only receives psychiatric medication. He also alleges there are no available programs. In addition, plaintiff alleges he was unable to secure law library assistance, stating that the library would only provide him cases if he knew the case name. Plaintiff alleges that the Multi-Disciplinary Team recommended that he be removed from the building, but the defendants ignored the recommendation. According to plaintiff, there is no valid or documented reason for the alleged treatment.

Plaintiff alleges he is treated in a punitive manner in violation of his right to equal protection, due process, and the

---

[1]The complaint states, "I have been locked in room 195 hours per week". (D.I. 2, para. 1) The sentence has two meanings. Plaintiff was locked in Room 195 for many hours per week. Or, plaintiff was locked in his room for 195 hours per week. Notice is taken that a week contains only 168 hours.

prohibition against cruel and unusual punishment. He seeks immediate removal from Building 21, appointment of counsel, injunctive relief, and compensatory and punitive damages.

**II. STANDARD OF REVIEW**

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines

v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

### A.  Due Process

The gist of plaintiff's complaint is that he was subjected to disciplinary confinement without due process of law.  More particularly, he contends that he was moved to Building 21 in June 2005 without receiving written charges or a hearing.

In Wolff v. McDonnell, 418 U.S. 539, 556 (1974), the Supreme Court held that prisoners must be accorded due process before prison authorities may deprive them of state created liberty interests.  A prison disciplinary hearing satisfies the Due Process Clause if the inmate is provided with: (1) written notice of the charges and not less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity "to call witnesses and present documentary evidence in his defense when to do so will not be unduly hazardous to institutional safety or correctional goals."  Wolff, 418 U.S. at 563-71; Griffin v. Spratt, 969 F.2d 16, 19-20 (3d Cir. 1992).  It is axiomatic, however, that to be entitled to procedural due process protections as set forth in Wolff, a prisoner must be deprived of a liberty interest.  See Wolff, 418

U.S. at 557-558.

The Due Process Clause itself confers no liberty interest in freedom from state action taken "within the sentence imposed." Sandin v. Conner, 515 U.S. 472, 480 (1995) (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)). More so, state created liberty interests protected by the Due Process Clause are generally limited to restraints on prisoners that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997) (quoting Sandin, 515 U.S. at 484).

The Third Circuit has held that a state prisoner's confinement in administrative segregation for 15 months did not impose an atypical and significant hardship on the prisoner. Griffin, 112 F.3d at 706-09; see Sack v. Canino, No. Civ. A. 95-1412, 1995 WL 498709, *1 (E.D.Pa. Aug. 21, 1995)(assuming that the plaintiff was not afforded the protections called for by Wolff, because the sanction of 30 days disciplinary confinement did not implicate a liberty interest, such infraction did not violate the plaintiff's due process rights). As of this date, plaintiff has been housed in Building 21 for less than seven months – an amount of time that does not implicate a protected liberty interest. That is not to say that plaintiff may have a cause of action if he is left in building 21 for an indeterminate amount of time. Regardless, based upon the relatively short time

he has been confined in Building 21, plaintiff lacks the requisite liberty interest to implicate a due process violation.

As plaintiff has not articulated a protected liberty interest with respect to his discipline, confinement, and loss of privileges, his due process claims are dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### B.  Appointment of Counsel

Plaintiff seeks appointment of counsel. (D.I. 5) A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to appointed counsel. See Ray Robinson, 640 F.2d 474, 477 (3d Cir. 1981). It is within this court's discretion, however, to seek representation by counsel for plaintiff. This is done only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

Plaintiff has made no showing of a meritorious claim. As discussed above, his complaint is frivolous. The motion is

therefore denied.

**IV. CONCLUSION**

At Wilmington this 10th day of January, 2006 for the reasons set forth above;

IT IS ORDERED that:

1. Plaintiff Kevin Dixon's complaint is DISMISSED without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2. The motion for appointment of counsel (D.I. 5) is DENIED.

_____
UNITED STATES DISTRICT JUDGE